February 18, 2016
**OFFICE OF**
**APPELLATE COURTS**


STATE OF MINNESOTA

IN SUPREME COURT

A14-1416

In re Petition for Disciplinary Action against
Marc G. Kurzman, a Minnesota Attorney,
Registration No. 59080.

ORDER

We suspended respondent Marc G. Kurzman from the practice of law for a minimum of 60 days, effective December 9, 2015. *See In re Kurzman*, 871 N.W.2d 753, 760 (Minn. 2015). Respondent has filed an affidavit seeking reinstatement in which he states that he has fully complied with the terms of the suspension order, except for successful completion of the professional responsibility portion of the state bar examination, which is not required until November 25, 2016. The Director of the Office of Lawyers Professional Responsibility does not oppose the request.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.      Respondent Marc G. Kurzman is conditionally reinstated to the practice of law in the State of Minnesota, subject to his successful completion of the professional responsibility portion of the state bar examination, and is placed on disciplinary probation for 2 years subject to the following terms and conditions:

> (a)     Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date.

1

Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall authorize the release of information and documentation to verify compliance with the terms of this probation;

(b)     Respondent shall abide by the Minnesota Rules of Professional Conduct;

(c)     Respondent shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor compliance with the terms of this probation. Within 14 days of the date of this order, respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall, on the first day of each month, provide the Director with an inventory of client files as described in paragraph (d) below. Respondent shall make active client files available to the Director upon request;

(d)     Respondent shall cooperate fully with his supervisor's efforts to monitor compliance with probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files for which respondent is responsible by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request; and

(e)     Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling, and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis. Within 4 weeks of the date of this order, respondent shall provide to the Director, and to the supervising attorney immediately when appointed, a written plan showing the office procedures he has designed and implemented to ensure that he complies with the probation requirements. Respondent shall immediately provide to the Director and the supervising attorney any changes he makes to his plan.

2

2. By November 25, 2016, respondent shall comply with Rule 18(e)(3), Rules on Lawyers Professional Responsibility (RLPR), by filing with the Clerk of Appellate Courts and serving upon the Director proof of respondent's successful completion of the professional responsibility portion of the state bar examination. Failure to do so shall result in automatic re-suspension pending proof of successful completion of the examination, pursuant to Rule 18(e)(3), RLPR.

Dated: February 18, 2016      BY THE COURT:

David R. Stras
Associate Justice

3